UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION at ASHLAND

| | | |
|---|---|---|
| STUART ALEXANDER TURNER, | ) | |
| | ) | |
| Petitioner, | ) | Civil No. 0: 16-44-HRW |
| | ) | |
| V. | ) | |
| | ) | |
| JODIE SNYDER-NORRIS, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Respondent. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

Inmate Stuart Alexander Turner is confined at the Federal Correctional Institution in Ashland, Kentucky. Proceeding without an attorney, Turner has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [D. E. No. 1]

The Court conducts an initial review of habeas corpus petitions. 28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). A petition will be denied "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)). The Court evaluates Turner's petition under a more lenient standard because he is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). At this stage of the proceedings, the Court accepts the

1

petitioner's factual allegations as true and construes all legal claims in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

In 1991, the Circuit Court in Pensacola, Florida sentenced Turner to thirty years in prison for possession and distribution of more than five kilograms of cocaine. *Florida v. Turner*, No. 90-4657 (Fla. Cir. 1990). Turner served only three years of this 30-year sentence before he was deported to Jamaica in September 1994 because of prison overcrowding in Florida. Turner states that his efforts in 2006 to have that conviction "expunged" were unsuccessful. [D. E. No. 1 at p. 3]

In 1999, Turner (who was also known as Robert Alexander Johnson and David O. Turner) was one of 34 persons facing federal charges for their participation in an extensive drug trafficking ring in Miami, Florida. In exchange for the government's dismissal of other charges, Turner agreed to plead guilty to one count of conspiracy to possess with intent to distribute cocaine in violation of 21 U.S.C. § 846. As part of that agreement, Turner agreed that more than 150 kilograms of cocaine was attributable to him. He further expressly agreed to:

> waive[] all rights conferred by Title 18, United States Code, Section 3742 to appeal any sentence imposed, including any restitution order, or to appeal the manner in which that sentence was determined, unless (1) the sentence exceeds the maximum permitted by statute, (2) the sentence is the result of an upward departure from the guideline range the court establishes at sentencing, and/or (3) the court decides not to follow one or more of the sentencing recommendations made pursuant to paragraph 9 above.

In March 2000, the trial court sentenced Turner to 360 months imprisonment to be followed by sixty months of supervised release, a within-Guidelines sentence. In arriving at that sentence, the trial court applied the career offender enhancement found in U.S.S.G. § 4B1.1 because of Turner's prior drug trafficking convictions.

Though he was represented by counsel, Turner filed a *pro se* notice of appeal. And when trial counsel learned that Turner had retained different counsel for his appeal, they sought and obtained permission to withdraw as counsel. Turner's new counsel subsequently filed a motion to voluntarily dismiss the appeal pursuant to *Anders v. California*, 386 U.S. 738 (1967) in light of the appeal waiver. *United States v. Turner*, No. 00-11804 (11th Cir. 2000). Turner also challenged his convictions and sentence pursuant to 28 U.S.C. § 2255 on numerous grounds – including ineffective assistance of counsel and a challenge to the application of the career offender enhancement for his prior drug convictions – without success. *United States v. Turner*, No. 1: 99-CR-27-WPD-2 (S.D. Fla. 2000) [D. E. Nos. 17, 69, 584, 677, 678, 734, 737, 742, 767, 777, 933, 935]

In his petition, Turner contends that (1) *Johnson v. United States*, __ U.S. __, 135 S. Ct. 2551, 192 L. Ed. 2d 569 (2015) renders both 28 U.S.C. § 2255(e) and Florida statute § 893.135(1)(b) unconstitutionally vague [D. E. No. 3 at 7-19, 20-22]; (2) *Martinez v. Ryan*, __ U.S. __, 132 S.Ct. 1309, 182 L.Ed.2d 272 (2012) mandates the conclusion that § 2255 is "inadequate and ineffective" to test the

3

legality of his detention where appellate counsel renders constitutionally ineffective assistance of counsel [D. E. No. 3 at 23-24]; and (3) appellate counsel was ineffective for failing to consult with him about challenging the enhancement of his sentence based upon his prior Florida conviction for trafficking in cocaine [D. E. No. 3 at 25-30].

The Court has reviewed Turner's petition, but concludes that it fails to establish any plausible grounds for relief. First, the Court has already rejected as substantively meritless Turner's contention that 28 U.S.C. § 2255(e) is unconstitutionally vague [D. E. No. 5 at 2-3], and the Court adheres to that conclusion. Turner's apparent challenge to the Florida statute upon which his prior state conviction was predicated [D. E. No. 3 at 20-22] is directed to his state conviction itself, and is therefore subject to the constraints of 28 U.S.C. § 2254. Turner has not explained how he satisfies 28 U.S.C. § 2243's requirement that he presently be "in custody" pursuant to that conviction in light of his 1994 release from incarceration for that conviction, nor has he alleged or demonstrated that he has exhausted all remedies available in the state courts of Florida as required by § 2254(b)(1)(A). In addition, that claim is not properly joined with a challenge to his federal conviction brought under 28 U.S.C. § 2241 under Federal Rule of Civil Procedure 18, and this district is not the proper venue pursuant to 28 U.S.C. § 2241(a) for a challenge to a conviction imposed by a Florida court.

Second, Turner's contention that *Martinez* means that relief under § 2255 must be considered unavailable if his appellate counsel rendered constitutionally ineffective assistance of counsel [D. E. No. 3 at 23-24] is plainly meritless. In *Martinez*, the Supreme Court held that a procedurally-defaulted claim that state trial counsel was constitutionally ineffective may be considered on federal habeas review if the federal habeas petitioner can demonstrate cause and prejudice to excuse the default by showing that counsel during initial state collateral review proceedings caused the default by providing constitutionally ineffective assistance. *Martinez*, 132 S. Ct. at 1315. Turner's argument – that ineffectiveness by *appellate* counsel somehow renders § 2255 structurally ineffective as a mechanism to subsequently obtain collateral relief – is neither predicated upon *Martinez*, nor is it correct. Wholly unlike the situations presented in *Martinez*, and even *Ramirez v. United States*, 799 F. 3d 845 (7th Cir. 2015), the choice by appellate counsel not to pursue a claim of ineffective assistance of trial counsel in no way categorically prevents a defendant from later pursuing such a claim in a § 2255 motion.

Even if Turner's strained argument that *Martinez* could be stretched so far were viable, it would not assist him. The Supreme Court went to great pains to limit its holding in *Martinez* to providing a narrow equitable basis to excuse procedural default of a claim caused by ineffective assistance of collateral review counsel. *Id.* at 1316-18. Here, Turner filed his own *pro se* § 2255 motion seeking collateral relief

from his conviction: he didn't have counsel at all, and thus made his own choices regarding which claims to pursue and which to disregard, and he therefore cannot ascribe blame for those choices on allegedly ineffective counsel that he simply did not have. More fundamentally, Turner did not default his claim of ineffective assistance of counsel at trial and on appeal: he squarely asserted that his counsel was ineffective as the first ground for relief in his § 2255 motion, and the trial court rejected that claim on the merits. [D. E. No. 933 at pp. 4, 10-14; D. E. No. 935 at pp. 2-3]

Finally, Turner argues that his trial counsel were ineffective on appeal for failing to consult with him about challenging the enhancement of his sentence based upon his prior Florida conviction for trafficking in cocaine [D. E. No. 3 at 25-30]. At the outset, Turner's attribution of this alleged ineffectiveness to his trial counsel is baseless: Turner sought and retained new counsel to represent him on appeal, his trial counsel withdrew from representation, and it was Turner's newly-retained appellate counsel who filed a motion to voluntarily dismiss the appeal. And his present assertion that he retained the right to challenge the career offender enhancement on appeal is flatly contradicted by the express terms of his plea agreement. *United States v. Turner*, No. 1: 99-CR-27-WPD-2 (S.D. Fla. 2000) [D. E. No. 734 at pp. 10-19]

But the Court cannot and does not reach this claim on the merits, as Turner may not pursue it in a habeas corpus petition filed under § 2241. A federal prisoner who wishes to challenge the legality of his federal conviction or sentence must do so by filing a motion under § 2255 in the court that convicted and sentenced him. A habeas corpus petition under § 2241 may not be used for this purpose because it is not an additional or alternative remedy to § 2255. *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 2003); *Hernandez v. Lamanna*, 16 F. App'x 317, 320 (6th Cir. 2001).

28 U.S.C. § 2255(e) permits § 2241 to be invoked for such a challenge, but only if § 2255 is "inadequate or ineffective" to test the legality of the prisoner's detention. *Truss v. Davis*, 115 F. App'x 772, 773-74 (6th Cir. 2004). But a motion under § 2255 is not "inadequate or ineffective" simply because the prisoner's time to file a § 2255 motion has passed; he did not file a § 2255 motion; or – as here – he did file such a motion and was denied relief. *Copeland v. Hemingway*, 36 F. App'x 793, 795 (6th Cir. 2002); *Taylor v. Gilkey*, 314 F.3d 832, 835 (7th Cir. 2002) (holding that § 2241 is available "only when a structural problem in § 2255 forecloses even one round of effective collateral review ...").

The "savings clause" of § 2255(e) only applies where the petitioner is asserting a claim of "actual innocence." *Wooten v. Cauley*, 677 F.3d 303, 307 (6th Cir. 2012) (citing *United States v. Peterman*, 249 F.3d 458, 461-62 (6th Cir. 2001);

7

*Charles v. Chandler*, 180 F. 3d 753, 757 (6th Cir. 1999) (*per curiam*)). In this context, a § 2241 petitioner may demonstrate that he is actually innocent of the underlying offense by showing that after the petitioner's conviction became final, the Supreme Court re-interpreted the substantive terms of the criminal statute under which he was convicted in a manner that establishes that his conduct did not violate the statute. *Wooten*, 677 F.3d at 307-08; *Hayes v. Holland*, 473 F. App'x 501, 501-02 (6th Cir. 2012) ("To date, the savings clause has only been applied to claims of actual innocence based upon Supreme Court decisions announcing new rules of statutory construction unavailable for attack under section 2255."). The Supreme Court's newly-announced interpretation must, of course, be retroactively applicable to cases on collateral review. *Wooten*, 677 F.3d at 308.

Turner's claim that his attorneys rendered ineffective assistance of counsel is not cognizable in a habeas corpus petition filed under § 2241 because it is neither predicated upon a newly-announced Supreme Court decision nor was it unavailable to assert when Turner filed his initial motion under § 2255. Cf. *Mallard v. United States*, 82 F. App'x 151, 153 (6th Cir. 2003) (claim under *Strickland* that counsel was ineffective may not be pursued under § 2241); *Jameson v. Samuels*, 555 F. App'x 743, 746 (10th Cir. 2014) (habeas petition under § 2241 is not the proper vehicle to assert claims of prosecutorial misconduct, ineffective assistance of

8

counsel, and lack of probable cause for warrant). For all of the foregoing reasons, Turner's petition will be denied.

Accordingly, **IT IS ORDERED** that:

1. Petitioner Turner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [D. E. No. 1] is **DENIED**.

2. This action is **DISMISSED** and **STRICKEN** from the Court's docket.

3. Judgment shall be entered contemporaneously with this Memorandum Opinion and Order.

This 1st day of September, 2016.



Signed By:
*Henry R. Wilhoit, Jr.*
United States District Judge